**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**GRECO INVESTMENT GROUP, LLC** **PLAINTIFF**

**VS.** **CIVIL CASE NO. 3:25-CV-336-HTW-LGI**

**NATIONWIDE MUTUAL INSURANCE COMPANY** **DEFENDANT**

# ORDER

Before this Court is Defendant Nationwide Mutual Insurance Company's ("Nationwide") Motion to Dismiss Certain Claims filed against it by Greco Investment Group, LLC ("Greco"). Nationwide submits its motion, filed on October 21, 2025, under the auspices of Federal Rule of Civil Procedure 12(b)(6).[1] Nationwide, by way of its motion, asks this Court to dismiss the following claims from Plaintiff Greco's Complaint: (Count 6) negligent infliction of emotional distress; (Count 7) mistake or clerical error; (Count 8) conversion; and (Count 9) constructive trust.

Greco filed no response, and the time to do so now has expired[2]. The absence of a response, however, does not relieve this Court of its duty to determine whether the Complaint states a claim. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.,* 702 F.3d 794, 806 (5th Cir. 2012). Having reviewed Greco's Complaint and the governing law, this Court grants Nationwide's motion for the reasons below.

[1] Rule 12(b)(6) authorizes a motion asserting "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] Almost 11 months have lapsed since Nationwide filed its October 21, 2025, motion.

## I. JURISDICTION

Nationwide removed this action from the Circuit Court of Hinds County, Mississippi, under 28 U.S.C. § 1441(a),[3] invoking this Court's diversity jurisdiction under 28 U.S.C. §1332(a)(1).[4] Nationwide alleges that complete diversity exists between Greco, a citizen of Mississippi, and Nationwide, a citizen of Ohio. [Doc. 1 at 2-3]. The amount in controversy also exceeds $75,000, exclusive of interest and costs: Greco alleges that the covered damage totals $621,582.11, and seeks contractual, extra-contractual, and punitive damages. [Doc. 1-1 at 7, 29-31]. This Court therefore possesses §1332 diversity subject-matter jurisdiction.

Federal law supplies the procedural standard here, while Mississippi substantive law governs the plaintiff's state-law claims. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

## II. BACKGROUND

Greco owns commercial property at 815 East Northside Drive in Clinton, Mississippi. Nationwide insured the property under commercial property policy number ACP CPP 5605724798 for the period from July 1, 2022, through July 1, 2023. [Doc. 1-1 at 5]. Greco alleges that on March 26, 2023, wind and hail damaged the roof and interior of the property. *Id.* at 5-6. Greco reported the loss to Nationwide, which inspected the property on August 9, 2023. *Id.* at 6.

Nationwide valued the covered storm damage at $1,612.00, an amount below the policy's $2,500.00 deductible. [*Id.* at 6, 8]. Greco retained a public adjuster who estimated the damage at

[3]Section 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the federal district court embracing the place where the state action is pending. 28 U.S.C. § 1441(a).

[4]Section 1332(a)(1) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1).

$621,582.11. *Id.* at 7. Nationwide adhered to its valuation, and Greco alleges that Nationwide failed to pay any additional policy benefits. *Id.* at 8-9.

On March 26, 2025, Greco filed this action in the Circuit Court for Hinds County, Mississippi, First Judicial District. The Complaint asserts nine causes of action: (1) breach of contract; (2) bad-faith breach of contract; (3) intentional breach of contract; (4) breach of the covenant of good faith and fair dealing; (5) gross negligence; (6) negligent infliction of emotional distress; (7) mistake or clerical error; (8) conversion; and (9) constructive trust. [Doc. 1-1 at 11–29]. Nationwide removed the action on May 8, 2025, and answered on May 15, 2025. [Docs. 1, 5]. On October 21, 2025, Nationwide moved to dismiss Counts Six through Nine. [Docs. 19, 20].

## III. LEGAL STANDARD

Nationwide filed its motion after answering the Complaint. A motion asserting failure to state a claim ordinarily must precede a responsive pleading, but that defense remains available through a motion for judgment on the pleadings. This Court therefore construes Nationwide's filing as a motion under Federal Rule of Civil Procedure 12(c).[5] *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (treating a post-answer motion raising failure to state a claim as a motion for judgment on the pleadings).

The same standard governs motions for judgment on the pleadings and motions to dismiss for failure to state a claim. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). This Court accepts well-pleaded facts as true and views them in the light most favorable to Greco. *Id.* Legal conclusions and conclusory assertions do not receive that presumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

[5]Rule 12(b) states that a motion asserting the listed defenses "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The failure-to-state-a-claim defense may nevertheless be raised by a motion under Rule 12(c), which permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial." Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 12(h)(2)(B).

A complaint must contain enough factual matter to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the pleaded facts permit a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. his Court may consider the Complaint, its attachments, and documents attached to the motion that are referenced in the Complaint and central to Greco's claims. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court also may take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

## IV. DISCUSSION

### A. Negligent Infliction of Emotional Distress

Mississippi treats negligent infliction of emotional distress as a negligence claim requiring duty, breach, causation, and a compensable injury. *Fouche' v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 788 (S.D. Miss. 2008). When the challenged conduct amounts to ordinary negligence, the plaintiff must demonstrate a physical manifestation or other demonstrable physical or mental harm. *Wilson v. General Motors Acceptance Corp.*, 883 So. 2d 56, 64–65 (Miss. 2004).

Greco is a limited liability company, not a natural person. It cannot experience anxiety, anguish, humiliation, pain, suffering, or any other mental or emotional injury. *See Kelly v. Porter, Inc.*, 687 F. Supp. 2d 632, 638 (E.D. La. 2010) (applying Louisiana law and holding that a juridical entity may suffer economic loss but cannot sustain emotional-distress damages). Count Six alleges that Greco suffered emotional distress along with out-of-pocket costs, repair costs, loss of use, mileage, and other economic losses. [Doc. 1-1 at 26]. Those economic losses may be relevant to

other claims, but they cannot supply the emotional injury required for this claim. Count Six, therefore, fails as a matter of law.

### B. Mistake or Clerical Error

Count Seven alleges, in the alternative, that Nationwide failed to pay the claim as a result of "mistake or clerical error". [Doc. 1-1 at 26-27]. Greco identifies no Mississippi authority recognizing "mistake or clerical error" as an independent cause of action against an insurer, and this Court has found none. A mistake may describe why an insurer failed to pay, but the label does not identify a legal duty, the breach of that duty, or an independent basis for liability under Mississippi law.

Greco's reliance on *Universal Life Insurance Co. v. Veasley*, 610 So. 2d 290 (Miss. 1992), does not alter this conclusion. *Veasley* addressed the damages recoverable when an insurer negligently failed to pay a valid claim without an arguable reason. The Mississippi Supreme Court explained that simple negligence does not constitute an independent tort supporting punitive damages, but it affirmed an award of actual damages resulting from the insurer's unjustified delay because those damages were reasonably foreseeable. *Id.* at 295–96. *Veasley*, therefore, recognizes a potential basis for recovering foreseeable damages arising from an insurer's failure to pay benefits owed under an insurance policy; it does not recognize "mistake or clerical error" as a freestanding cause of action. Count Seven must be dismissed as an independent claim. This ruling does not determine whether Greco may recover any particular category of damages through a viable claim that remains pending.

### C. Conversion

In Mississippi, conversion requires an intentional exercise of dominion or control over personal property that is inconsistent with the owner's rights. *Walker v. Brown*, 501 So. 2d 358, 361 (Miss. 1987). Ownership is essential. *Wilson*, 883 So. 2d at 68. Although money may support

a conversion claim when the plaintiff owns an identifiable fund, conversion cannot be used merely to recover a debt. *McGee v. Comprehensive Radiology Servs., PLLC*, 340 So. 3d 328, 330 (Miss. 2022).

Greco alleges that Nationwide exercised dominion over 'amounts owed to/owned by' Greco and converted those sums to its own use. [Doc. 1-1 at 27-28]. The Complaint identifies no segregated fund, specific payment, or other property that belonged to Greco and came into Nationwide's possession. It alleges only that Nationwide owes additional benefits under the insurance contract. A disputed contractual obligation to pay money is a debt; it is not identifiable property already owned by Greco. *McGee*, 340 So. 3d at 330. Accordingly, this Court finds that Count Eight fails to state a conversion claim, and must be dismissed.

**D. Constructive Trust**

Mississippi law defines a constructive trust as a judicially imposed equitable remedy used to prevent unjust enrichment when one party wrongfully retains title to property. *Smiley v. Yllander*, 105 So. 3d 1171, 1175–76 (¶ 12) (Miss. Ct. App. 2012). That remedy also requires property that the defendant holds but, in equity and good conscience, should not retain. *Id.*

Count Nine alleges that Nationwide wrongfully retains control of money that should be paid as policy benefits. [Doc. 1-1 at 28]. Greco recites fraud, duress, abuse of confidence, and unconscionable conduct, but it alleges no facts showing that Nationwide obtained title to Greco's property through any of those means. [Doc. 1-1 at 28]. The parties' relationship arose from an arm's-length insurance contract, and Mississippi law does not impose a fiduciary relationship between an insurer and its insured under an ordinary first-party insurance policy. *See Gorman v. Southeastern Fidelity Insurance Co.*, 621 F. Supp. 33, 38 (S.D. Miss. 1985). Greco's conclusory equitable labels cannot supply the confidential relationship, wrongful transfer, or unjust enrichment that its factual allegations omit.

Greco also identifies no property transferred to Nationwide, title obtained from Greco, or segregated fund held for Greco's benefit. Its allegations concern only benefits allegedly payable under an express insurance contract. This Court has dismissed a materially similar constructive-trust claim where insureds sought to impose a trust upon policy benefits that the insurer allegedly failed to pay and wrongfully retained. *Holder v. State Farm Fire & Casualty Co.,* No. 3:20-CV-557-TSL-RPM, slip op. at 11–12 (S.D. Miss. Oct. 21, 2021) (Lee, J.).

Count Nine fails both as an independent cause of action and as a plausible basis for imposing a constructive trust; accordingly, this Court dismisses, as it must, Count Nine against Nationwide.

## V. CONCLUSION

Nationwide's Motion to Dismiss Certain Claims **[Doc. 19]**, construed as a motion for judgment on the pleadings, is **GRANTED**.

The following counts are hereby **DISMISSED WITH PREJUDICE**: (6) negligent infliction of emotional distress; and (7) mistake or clerical error.

The following counts are hereby **DISMISSED WITHOUT PREJUDICE**: (8) conversion; and (9) constructive trust.

This Order does not resolve Greco's remaining claims or any other pending motion[6] before this Court.

**SO ORDERED AND ADJUDGED**, this the 13th day of September, 2026.

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**

[6] On August 6, 2026, Nationwide filed a Motion for Summary Judgment [Doc. 52]. That motion is not yet ripe for adjudication and is not addressed in this Order.